McRae, Coffman & Co. *v.* N. Austin.—S. W. Taylor, Intervenor.

Where property attached has been bonded, it will be too late for third persons to intervene and claim either, the property itself or a privilege on it.

A garnishee who has a privilege on property, may state the nature of it in his answers to the interrogatories, and thus protect his privilege, without resorting to the remedy by intervention.

APPEAL from the Fifth District Court of New Orleans, *Livingston,* J. *T. N. Waul,* for plaintiffs. *L. Spring,* for defendants. *Durant & Horner,* for intervenors.

Ogden, J. (Slidell, C. J., and Voories, J., absent.) The intervenor has appealed from the judgment of the court below dismissing his intervention under the following circumstances: The plaintiffs brought suit by attachment against the defendant, who is a non resident, and attached cotton on which the intervenor claims a privilege, on the ground that the defendant was indebted to him in a large balance of account, and that previous to the attachment being levied, the bill of lading for the cotton had been received by them, and that the cotton attached, had in fact been received into their possession, previous to the attachment. The court below rejected the evidence offered by the intervenor in support of his demand, on the ground that previous to the petition of intervention being filed, the cotton had been bonded by the intervenor, acting in the name of the defendant as principal in the bond and binding himself with another as surety. This was considered by the court as taking the property from its control, and having no ground for an intervention by a third party claiming a privilege on the property attached. This opinion of the Judge of the court below, is undoubtedly correct and is supported by the decisions in *Beal* v. *Alexander,* 1st Robinson 278, and *Dorr et al.* v. *Kershaw et al.,* 18th L. R. 57. The bond is only a substitute for the property as between the parties to the attachment; and it is too late for third persons to intervene to claim the property itself or a privilege on it, after the attachment has been dissolved and the property released. The intervenor had been made garnishee, and if in his answers to the interrogatories he had set up his claim to a privilege on the cotton, and shown that it had come into his possession previous to its seizure by the Sheriff, his privilege would have been protected without his resorting to the remedy by intervention. As however, he did not assert such privilege in the character of garnishee, it was too late to intervene in the suit to claim a privilege, after the cotton had been bonded by his becoming security for the defendant, to satisfy whatever judgment might be rendered against him. The property attached belonged to the defendant and the court therefore was seized with jurisdiction, notwithstanding there may have been a privilege existing in favor of a third party, which if timely asserted would have made it fruitless for the plaintiff to proceed any further with the suit. It would have been different, if by the answers of the garnishee, it had been shown that a privilege existed in his favor, and for on an amount which would absorb the proceeds of the cotton, unless successfully traversed, the answers of the garnishee under these circumstances, would have left the court without jurisdiction as to the defendant, there being in fact no property upon which its jurisdiction could be based.

The intervenor offered evidence to prove that the Sheriff had erroneously returned that the cotton was bonded by him, as agent for the defendant, and that it was in fact the intention of the intervenor to bond for his own interest, as having a privilege on the cotton, then in his possession, and also to prove that the Sheriff had seized no cotton but that which was in the intervenor's possession. The evidence was rejected and a bill of exceptions reserved. We think the intention of the intervenor to bond for his own interest, could only be shown by pleadings in the case or by the bond itself, and at the time the bond was executed, no claim had been set up by the intervenor, by plea or intervention filed in the cause; the bond was executed in the name of the defendant, the intervenor signing it as his agent. The bond recognizes the fact of the seizure of the cotton and the intervenor is estopped from proving that there was no actual seizure. Whether there was an actual seizure of the cotton or not, the intervenor was without interest to oppose the plaintiff's claim after the attachment was dissolved and evidence in support of his demand as a creditor of the defendant, if it had been received could not have affected the plaintiff's rights.

The judgment of the court below is therefore affirmed with costs.